IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| **Connie P. Carpenter**, | ) | C/A 2:12-1955-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **Wendcharles I LLC, d/b/a Wendy's Old Fashioned Hamburgers a/k/a Wendy's**, and **Antione Richard Chisolm**, | ) ) ) ) | |
| Defendants. | ) ) | |

This action has been filed by the Plaintiff, a former employee of the Defendant Wendcharles I, LLC, alleging claims for discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as well as pursuant to several state law causes of action. The Defendants filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on September 24, 2012. Defendants assert in their motion that Plaintiff's First and Fourth Causes of Action, which are brought pursuant to Title VII, are subject to dismissal because Plaintiff did not timely file suit after issuance of the Notice of Right to Sue by the Equal Employment Opportunity Commission (EEOC). Plaintiff filed a memorandum in opposition to the Defendants' motion on October 12, 2012, and

1



Defendants' motion is now before the Court for disposition.[1]

## Discussion

By statute, a civil action under Title VII must be filed within ninety (90) days of the date of receipt by a claimant of a duly issued notice of right to sue from the EEOC; 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); see also Coleman v. Talbot County Detention Center, 242 Fed. Appx. 72, at ** 1 (4th Cir. July 12, 2007); Aziz v. Orbital Scis. Corp., No. 98-1281, 1998 WL 736469, at *1 (4th Cir. October 19, 1998) ["Title VII . . . allow[s] an aggrieved party ninety days after receipt of a right-to-sue letter from the EEOC to file a civil action"]; and if not filed within this time period, the lawsuit is generally deemed to be untimely and the individual is barred from pursuing their claim. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-150 (1984), reh'g denied, 467 U.S. 1231 (1984); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). Defendants argue that they are entitled to dismissal of Plaintiff's Title VII claims because this lawsuit was not filed within ninety days of the issuance of Plaintiff's Right to Sue Notice by the EEOC.

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Plaintiff alleges in her Amended Complaint that the EEOC issued her a Notice of Right to Sue on or about

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



July 7, 2011, but that this notification of Right to Sue was not actually received by the Plaintiff until approximately April 24, 2012. Plaintiff further alleges that she thereafter filed her Complaint within ninety (90) days of receipt of the EEOC Notice of Right to Sue. Amended Complaint, ¶ 2. The docket of this case reflects that Plaintiff filed this lawsuit on July 13, 2012, eighty (80) days after April 24, 2012. Defendants argue, however, that since Plaintiff did not file this lawsuit within ninety days of the *issuance* of the Right to Sue, her claims are barred, citing to Collins v. Concept Solutions, LLC, No. 10-1135, 2011 WL 1167199 (E.D.Va. Mar. 25, 2011). Collins noted that the general rule in the Fourth Circuit is that courts presume receipt of a Notice of Right to Sue three (3) days after mailing if the date of receipt is unknown. Id.; see also Ish v. Arlington County, Virginia, No. 09-2433, 1990 WL 180127 (4th Cir. Nov. 21, 1990)[applying if date of receipt is unknown or in dispute]; Baldwin County Welcome Ctr. V. Brown, 466 U.S. 147, 148, n. 1 (1984)[applying 3-day rule to Title VII case where date of receipt was not pled]; Johnson v. St. Barnabas Nursing Home, 368 Fed. Appx. 246, 248 (2d Cir. 2010)["Absent sufficient evidence to the contrary, it is presumed that a Plaintiff received his or her Right to Sue letter three days after its mailing."].

However, when the actual date of receipt is known, that date controls. See Dixon v. Digital Equip. Corp., No. 92-1483, 1992 WL 245867 at * 1 (4th Cir. Sept. 30, 1992). Here, Plaintiff alleges in her Amended Complaint that she did not receive her notice of right to sue until approximately April 24, 2012, and pursuant to the standards of a Rule 12 motion to dismiss, this factual allegation is sufficient to maintain Plaintiff's Title VII causes of action at this time. Cf. Skeete v. IVF America, Inc., 972 F.Supp. 206, 209 (S.D.N.Y. 1997)[Noting that court could not determine, on a motion to dismiss, when in fact the Plaintiff received the Right to Sue letter and



whether any delay in her receipt from her post office box was unreasonable]; Iqbal, 129 S.Ct. at 1949 [Rule 12 motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "in its face"]; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level].[2]

        While it is possible the Defendants may be able to establish grounds for dismissal of Plaintiff's Title VII claims if the facts and evidence produced during discovery show that Plaintiff did not timely file this lawsuit or is not entitled to equitable tolling, that would be an argument appropriate for a Rule 56 motion for summary judgment. Scoggins v. Hillcrest Foods, Inc., 339 F.Supp. 2d 702, 705 (M.D.N.C. Sept. 16, 2004)["The Fourth Circuit has adopted a 'flexible rule which requires a case-by-case examination of facts to determine if an equitable tolling of the filing period is appropriate.'"] (quoting Harvey v. City of New Bern Police Dept, 813 F.2d 652, 654 (4th Cir. 1987)) [summary judgment motion]; Crabill v. Charlotte Mecklenberg Board of Education, Nos. 10-1539, 10-1553, 2011 WL 1491230 at * * 6-7 (4th Cir. Apr. 20, 2011)[Finding that District Court did not abuse its discretion in allowing equitable tolling where Plaintiff alleged that she did not timely receive her right-to-sue letter and submitted evidence to show her diligence in checking her mail and maintaining contact with her attorney] [summary judgment motion]; see also Cohen v. School District of River Rouge, 173 F.3d 428 (6th Cir. 1999)[Addressing, on a motion for summary

---

[2]Although Plaintiff's counsel has submitted an affidavit regarding the date of actual receipt, since this matter is currently before the Court on a motion to dismiss, the Court has not considered this affidavit for purposes of the current motion. Cf. Skeete, 972 F.Supp at 207 [When deciding a motion to dismiss, court accepts material facts alleged in the complaint as true].



judgment, whether an affidavit is alone sufficient to meet a Plaintiff's burden of showing when right to sue letter was received]; but see Katz v. Odin, Feldman & Pitleman, P.C., 332 F.Supp. 2d 909, 916-917 (E.D.Va. 2004). The Defendants are not, however, entitled to dismissal of Plaintiff's Title VII claims at this time pursuant to a motion filed under Rule 12. Cf. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988).

Based on the foregoing, it is recommended that the Defendants' motion to dismiss Plaintiff's Title VII causes of action at this time under Rule 12 be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 28, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

