IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| **Connie P. Carpenter**, ) | C/A 2:12-1955-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Wendcharles I LLC, d/b/a Wendy's Old** ) | |
| **Fashioned Hamburgers a/k/a Wendy's**, ) | |
| and **Antione Richard Chisolm**, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, a former employee of the Defendant Wendcharles I, LLC, alleging claims for discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as well as pursuant to several state law causes of action. Plaintiff has filed a (second) Motion to Amend the Scheduling Order in this case, asking that all deadlines in the current scheduling order be extended by one hundred eighty (180) days. Plaintiff represents that this requested extension is due to an "unfortunate illness", and because she also currently resides in Louisiana and will have to travel to South Carolina for her deposition.

Defendants oppose Plaintiff's motion, and have separately filed a motion to dismiss pursuant to Rule 41(b), Fed.R.Civ.P. for failure to prosecute. Defendants state in their motion that

1



Plaintiff's deposition was noticed for February 26, 2013, but that Defendants were advised that Plaintiff was unable to appear because she was in jail in California. This resulted in a previous Order amending the scheduling deadlines in this case. Plaintiff's deposition was then rescheduled for June 13, 2013; however, Plaintiff was unable to attend that deposition because she was in a rehabilitation facility. Defendants argue that Plaintiff's inability to make herself available for a deposition or to provide support for the damages she seeks in this lawsuit has stymied the Defendants' ability to engage in meaningful discovery.

Rule 41(b), Fed.R.Civ.P., authorizes the Court to dismiss an action for failure to prosecute or for failure to comply with court orders. See Link v. Wabash Railroad Co., 370 U.S. 626, reh'g. denied, 371 U.S. 873 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997). Whether to dismiss under Rule 41(b) is a matter for the Court's discretion; see Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); and the Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether a Rule 41(b) dismissal is appropriate. The District Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D.Va. 2001); Contreras v. NFN Pettiford, No. 05-3552, 2006 WL 2621866 (D.S.C. Sept. 11, 2006).

After review of the arguments and exhibits provided to the Court, the undersigned does not find that the extreme sanction of dismissal is appropriate at this time. While the Defendants would certainly be prejudiced if they were unable to depose the Plaintiff, that does not appear to be

2



the case here; rather, the taking of a deposition has simply been delayed because of Plaintiff's incarceration in another state.  Plaintiff represents in her response memorandum that she should be available to be deposed after September 1, 2013, and the undersigned can discern no undue prejudice to the Defendants by granting Plaintiff the requested extension of the discovery deadlines under the facts and circumstances of this case.  <u>Veney v. Wyche</u>, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"](citing <u>Harrison v. United Postal Service</u>, 840 F.2d 1149, 1152 (4th Cir. 1988).

However, although dismissal is not being recommended at this time, given the age of this case and the discovery problems experienced thus far, Plaintiff is herein placed on notice that a failure by her to comply with the Defendants' discovery requests and sit for her deposition by the new discovery deadline set forth herein may result in the dismissal of her case.  See <u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989), <u>cert</u>. <u>denied</u> <u>sub</u> <u>nom</u>, <u>Ballard v. Volunteers of America</u>, 493 U.S. 1084 (1990) [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning];

**Conclusion**

Based on the foregoing, it is **recommended** that the Defendants' motion to dismiss be **denied**, at this time, without prejudice.  The Scheduling Order should be amended to provide a new deadline for discovery of October 1, 2013, mediation by November 1, 2013, with any motions due by November 29, 2013.

3



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 6, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

5

